NO. 12-02-00008-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




JOHN JACOBS,
§
 APPEAL FROM THE 145TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 NACOGDOCHES COUNTY, TEXAS







 John Jacobs ("Appellant") appeals his conviction for aggravated robbery, for which he was
sentenced to imprisonment for fifty years. Appellant raises two issues on appeal. We affirm.


Background

 On the morning of April 28, 2001, Appellant entered a convenience store. When the store
was clear of patrons, Appellant brandished a knife and took all of the money from the cash register,
causing the store clerk, Glenda Lightfoot, to fear for her life. Appellant was indicted for aggravated
robbery on July 27, 2001. Appellant's indictment included two enhancement paragraphs for prior
felony convictions of burglary of a building and aggravated robbery. Accordingly, Appellant's status
was enhanced to habitual offender, the punishment range for which is imprisonment for twenty-five
years to ninety-nine years or life. (1)

 Appellant's trial counsel filed multiple pre-trial motions on Appellant's behalf. Among these
pre-trial motions was Appellant's motion for discovery of favorable or exculpatory evidence. A pre-trial hearing was held on November 8, 2001. At the conclusion of the pre-trial hearing, the trial court
denied Appellant's motion for discovery of favorable or exculpatory evidence, but ordered that the
prosecution "disclose to the defense and his counsel any favorable and/or exculpatory evidence
inconsistent with the guilt of the accused pursuant to Brady." (2) Subsequently, Appellant pleaded
guilty and a hearing was held on punishment. Following the hearing, the trial judge sentenced
Appellant to imprisonment for fifty years and this appeal followed.


Denial of Appellant's Brady Motion

 In his first issue, Appellant contends that in denying his motion for discovery of favorable
or exculpatory evidence, the trial court violated his right to due process. The State of Texas (the
"State") contends that Appellant, by pleading guilty, waived such error, if any. Whether entered with
or without an agreed recommendation of punishment by the State, a valid plea of guilty or nolo
contendere waives or forfeits the right to appeal a claim of error if the judgment of guilt was
rendered independent of, and is not supported by, the error. See Young v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000). In Young, the court determined that since the judgment was based on
the denial of a motion to suppress the cocaine which the appellant was convicted of possessing, the
judgment would not be supported without that evidence and thus, the court of appeals should have
considered the appellant's point of error. Id. at 667.

 The instant case is distinguishable from Young. Unlike the judgment in Young, the trial
court's judgment in this case does not involve a motion to suppress material evidence. In Young,
the trial court's judgment was unsupportable absent the evidence the appellant sought to suppress. 
Here, even assuming the contradicting witness statements at issue existed at all and were ordered
disclosed, the trial court's judgment would still be supportable in spite of their existence and
disclosure. Therefore, we hold that by pleading guilty, Appellant has waived this issue on appeal. 
Appellant's first issue is overruled.


Cruel and Unusual Punishment

 In his second issue, Appellant contends that the trial court's fifty-year sentence constituted
cruel and unusual punishment under both the Texas and United States Constitutions. Initially, we
note that Appellant made no objection to the trial court raising the issue of cruel and unusual
punishment and has, therefore, waived such an issue with respect to any alleged violation of his
rights under the Texas Constitution. See Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim. App.
1996); Tex. R. App. P. 33.1. However, even absent waiver, we conclude that Appellant's sentence
did not constitute cruel and unusual punishment. 

 The legislature is vested with the power to define crimes and prescribe penalties. See Davis
v. State, 905 S.W.2d 655, 664 (Tex. App.- Texarkana 1995, pet. ref'd); see also Simmons v. State,
944 S.W.2d 11, 15 (Tex. App.- Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment
which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. See
Harris v. State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); Jordan v. State, 495 S.W.2d 949, 952
(Tex. Crim. App. 1973); Davis, 905 S.W.2d at 664. In the case at hand, Appellant pleaded guilty
to aggravated robbery, a first degree felony. See Tex. Pen. Code Ann. § 29.03 (Vernon 1994). 
Considered in conjunction with Appellant's two prior felony convictions, the punishment range for
such an offense is between twenty-five and ninety-nine years, or imprisonment for life. Id.; see also
Tex. Pen. Code Ann. § 12.42(d). Here, the punishment assessed by the trial court falls well within
the range set forth by the legislature. Id. Therefore, the punishment is not prohibited as cruel,
unusual or excessive per se.

 Nonetheless, Appellant urges the Court to perform the three-part test set out in Solem v.
Helm, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the proportionality
of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the
penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences
imposed for commission of the same crime in other jurisdictions. Solem, 463 U.S. at 292, 103 S.
Ct. at 3011. However, the strict application of the Solem test has been questioned since the Supreme
Court rendered its opinion in Harmelin v. Michigan, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d
836 (1991). See Simmons, 944 S.W.2d at 15. The Texarkana Court of Appeals discussed the
applicability of Solem in Davis v. State, and observed that five members of the Supreme Court in
Harmelin rejected application of the three-factor test. Id. (citing Davis, 905 S.W.2d at 664). 
However, the court in Davis nevertheless evaluated the sentence under the elements of Solem,
recognizing that seven of the justices in Harmelin still supported an Eighth Amendment prohibition
against grossly disproportionate sentences. See Davis, 905 S.W.2d at 664 (citing McGruder v.
Puckett, 954 F.2d 313, 316 (5th Cir.), cert. denied, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98
(1992) and Lackey v. State, 881 S.W.2d 418, 421 (Tex. App.- Dallas 1994, pet. ref'd)). The
application of the Solem test has been modified by Texas courts and the Fifth Circuit Court of
Appeals in light of the Supreme Court's decision in Harmelin to require a threshold determination
of gross disproportionality between the sentence and the crime before addressing the remaining
elements. See, e.g., McGruder, 954 F.2d at 316; see also Jackson v. State, 989 S.W.2d 842, 845-46
(Tex. App.- Texarkana 1999, no pet.).

 In determining whether Appellant's sentence is grossly disproportionate to the sentence
imposed, we are guided by the holding in Rummel v. Estell, 445 U.S. 263, 100 S. Ct. 1133, 63 L.
Ed. 2d 382 (1980). (3) In Rummel, the Supreme Court addressed the proportionality claim of an
appellant who had received a mandatory life sentence under a prior version of the Texas habitual
offender statute for a conviction for obtaining $120.75 by false pretenses. Id., 445 U.S. at 266, 100
S. Ct. at 1135. The life sentence was imposed because the appellant also had two prior felony
convictions - one for fraudulent use of a credit card to obtain $80.00 worth of goods or services and
the other for passing a forged check in the amount of $28.36. Id., 445 U.S. at 266, 100 S. Ct. at
1134-135. After both recognizing the legislative prerogative to classify offenses as felonies and
considering the purpose of the habitual offender statute, the court determined that the appellant's
mandatory life sentence did not constitute cruel and unusual punishment. Id., 445 U.S. at 285, 100
S. Ct. at 1145. Considering Appellant's sentence in light of the holding in Rummel, the distinction
between the two cases is clear. The offenses committed by Appellant - two aggravated robbery
convictions and burglary of a building - were more severe than those committed by the appellant in
Rummel, while Appellant's fifty-year sentence is less severe than the life sentence upheld by the
Supreme Court. Thus, it follows that if the sentence in Rummel was not unconstitutionally
disproportionate, then neither is the sentence assessed against Appellant in the case at hand. 
Therefore, since we do not find the threshold test to be satisfied, we need not apply the remaining
elements of the Solem test. 

 But even assuming that the Solem test is still viable, or that the threshold test was satisfied,
the remaining elements of Solem cannot be satisfied. There is no evidence in the appellate record
reflecting the sentences imposed on criminals in Texas or other jurisdictions who committed a
similar offense; therefore, we may not engage in a comparative evaluation. See Simmons, 944
S.W.2d at 15. Appellant's second issue is overruled.

 Accordingly, the judgment of the trial court is affirmed.


 SAM GRIFFITH 

 Justice


Opinion delivered May 22, 2002.

Panel consisted of Worthen, J., and Griffith, J.


























(PUBLISH)



1. See Tex. Pen. Code. Ann. § 12.42(d) (Vernon Supp. 2002).
2. See Brady v. Maryland, 294 U.S. 103, 55 S. Ct. 340, 70 L. Ed. 391 (1935) (per curiam). 
3. Incidentally, the Fifth Circuit has referred to as a "handy guide" to assist in conducting a proportionality
review. See McGruder, 954 F.2d at 317.